IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>DJAVON LAMONT KING,<br><br>Defendant/Movant. | Cause No. CR 20-25-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Djavon Lamont King's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. King is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

1

Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 11, 2021, pursuant to a plea agreement, King pled guilty to a superseding information charging him with one count of conspiring to possess cocaine and ecstasy with intent to distribute them, a violation of 21 U.S.C. § 846 (Count 1), and one count of using or carrying and brandishing a firearm in furtherance of that crime, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). *See* Plea Agreement (Doc. 121) at 2 ¶ 2, 3–4 ¶ 4; Superseding Information (Doc. 122) at 2.

On February 17, 2022, King was sentenced to serve 21 months on Count 1 and 84 months on Count 2, consecutive, for a total prison term of 105 months, to be followed by three years' supervised release. *See* Judgment (Doc. 257) at 2–3.

King did not appeal. His conviction became final on March 3, 2022. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on September 26, 2022. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claim and Discussion

King contends that he is not guilty of Count 2 because a drug conspiracy is not a "crime of violence." *See* Mot. § 2255 (Doc. 294) at 3–4 ¶ 5A, 7–9 (citing *United States v. Taylor*, __ U.S. __, 142 S. Ct. 2015, 2021 (2022)); Supp. (Doc. 298) at 1–2. He asks that his sentence on Count 2 be vacated and that he be resentenced on Count 1. *See* Mot. § 2255 at 5.

King is partly correct. A drug conspiracy is not a crime of violence. *See* 18 U.S.C. § 924(c)(3)(A). But, as relevant here, § 924(c) provides:

> [A]ny person who, during and in relation to any crime of violence *or drug trafficking crime* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> . . .
>
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added); *see also* Superseding Information (Doc. 122) at 2.

3

A "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). 21 U.S.C. § 846 is part of the Controlled Substances Act. *See* Controlled Substances Act of 1970, Pub. L. No. 91-513, tit. II, §§ 100, 406, 84 Stat. 1242, 1265 (Oct. 27, 1970). Cocaine is a schedule II controlled substance, *see* 21 U.S.C. § 812 Schedule II(a)(4), and ecstasy is a schedule I controlled substance, *see* 21 U.S.C. § 812(c) & n.1; 21 C.F.R. § 1308.11(a), (d)(11) (eff. Jan. 29. 2019).[1] A conspiracy under 21 U.S.C. § 846 that is aimed at distributing a substance containing a detectable amount of either cocaine or ecstasy is a felony offense. *See* 21 U.S.C. §§ 846, 841(b)(1)(C).

Independently of the definition of a "crime of violence" in § 924(c)*(3)(A)*, Count 1 of the superseding information identified a felony punishable under the Controlled Substances Act, as required by § 924(c)*(2)*. Count 1 therefore supported the charge against King in Count 2 under 18 U.S.C. § 924(c)(1)(A)(ii) and (2). The United States had no need to show that his drug conspiracy was also a crime of violence. For that reason, *United States v. Taylor* does not affect King's case. *See Taylor*, 142 S. Ct. at 2021 (holding that Taylor's attempted Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c)(3)(A)).

---

[1] Schedule I was published three times in 21 C.F.R. § 1308.11 in April 2019. MDMA (ecstasy) was included in each publication.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

King's claim fails because he pled guilty to using or carrying a firearm during and in relation to a drug trafficking crime. The United States did not have to show that the drug trafficking crime was also a crime of violence. The § 2255 motion involves no open questions of law and no close factual questions. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. King's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 294, 298) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if King files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 22-107-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against King.

DATED this 30th day of December, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge